ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 28, 2011

The Honorable Jack Roady
Galveston County Criminal District Attorney
600 Fifty Ninth Street, Suite 1001
Galveston, Texas 77551-4137

Opinion No. GA-0891

Re: Compensation of statutory county court judges in Galveston County (RQ-0973-GA)

Dear Mr. Roady:

You ask three questions concerning the compensation of county court at law judges and statutory probate court judges in Galveston County.[1] You first ask whether the "salary paid to the County Court at Law judges in Galveston County [should] reflect the amount paid to the local administrative district judge." Request Letter at 1. Government Code section 25.0862 addresses the salaries for statutory county courts in Galveston County: "The judge of a statutory county court shall be paid an annual salary that is not less than the total annual salary, including supplements and contributions, paid a district judge in the county." TEX. GOV'T CODE ANN. § 25.0862(g) (West Supp. 2010). You explain that each of the six district judges in Galveston County receives a $140,000 salary, which includes the $125,000 base salary provided by the state under Government Code section 659.012 and a $15,000 supplement provided by the county under Government Code section 32.001. Request Letter at 2–3; see also TEX. GOV'T CODE ANN. §§ 659.012(a) (West Supp. 2010) (explaining that a district judge is entitled to a salary from the state of at least $125,000); 32.001 (allowing a county to pay district court judges additional compensation in an amount that does not exceed the limitations of section 659.012). The local administrative district judge receives an additional $5,000 to perform the duties outlined in Government Code section 74.092.[2] Request Letter at 2; see TEX. GOV'T CODE ANN. § 659.012(d) (West Supp. 2010) (granting a local administrative district judge an annual salary from the state that is $5,000 more than the salary from the state to which the judge is otherwise entitled). You question whether the county court at law

---

[1]Letter from Honorable Jack Roady, Galveston County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas at 1 (May 20, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]Government Code section 659.012(d) was amended during the past legislative session to clarify that local administrative district judges are entitled to an additional $5,000 more than the salary from the state to which they would otherwise be entitled, "notwithstanding any other provision in [that] section or other law." Act of June 29, 2011, 82d Leg., 1st C.S., ch. 3, § 3.12, 2011 Tex. Sess. Law Serv. 116, 120–21 (West) (to be codified at TEX. GOV'T CODE ANN. § 659.012(d)).

judge salaries "should reflect the $5,000 supplement given the local administrative judge." Request Letter at 4.[3]

In construing statutes, our primary goal is to determine and give effect to the Legislature's intent, and we begin with the plain language of the statute and apply its common meaning. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). Where the statutory text is unambiguous, we adopt a construction supported by the statute's plain language, unless that construction would lead to an absurd result. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008). Section 25.0862 provides that a statutory county court judge in Galveston County "shall be paid an annual salary that is not less than the total annual salary, including supplements and contributions, paid *a* district judge in the county." Tex. Gov't Code Ann. § 25.0862(g) (West Supp. 2010) (emphasis added). The plain language of the statute does not require the county court at law judge salary to match the salary of the highest-paid district judge in the county. Rather, the statute merely requires that county court at law judge salaries match district judge salaries. The additional $5,000 permitted in subsection 659.012(d) only applies to local administrative district judges. *Id.* § 659.012(d). Therefore, Government Code section 25.0862 does not require that the salary paid to the Galveston County Court at Law judges reflect the amount paid to the local administrative district judge.

You next ask a similar question about whether the salary paid to the statutory probate court judge in Galveston should "reflect the amount paid to the local administrative district judge." Request Letter at 1. Section 25.0023(a) establishes the salary for statutory probate courts:

> The commissioners court shall set the annual salary of each judge of a statutory probate court at an amount that is at least equal to the total annual salary received by a district judge in the county. A district judge's or statutory probate court judge's total annual salary includes contributions and supplements paid by the state or a county, other than contributions received as compensation under Section 25.0022(e).

Tex. Gov't Code Ann. § 25.0023(a) (West Supp. 2010). For the same reason discussed above, Government Code section 25.0023 does not require that the salary paid to the Galveston County Statutory Probate Court judge reflect the amount paid to the local administrative district judge.

---

[3]You suggest in your request letter that one reason for setting county court at law judge salaries at the amount of the local administrative judge is that the general county court at law salary statute, section 25.0005, "specifically excludes the amount paid to the local administrative district judge[; whereas,] under the statute specific to Galveston County[,] there is no such specific exclusion." Request Letter at 4. Section 25.0005 excludes from a district judge's total salary "contributions received as compensation under Section 74.051." Tex. Gov't Code Ann. § 25.0005(a) (West Supp. 2010). Section 74.051 refers not to the supplement provided to a local administrative judge, but to the salary provided to a presiding judge of an administrative judicial region. *Id.* § 74.051(b) (granting a presiding judge a salary not to exceed $33,000); *cf. id.* § 659.012(d) (granting a local administrative judge an additional $5,000). Thus, the exclusion of this clause in the general county court at law salary statute does not provide support for the argument that the local administrative judge supplement should be counted for purposes of determining a Galveston County Court at Law judge's salary.

Your third question asks whether the Galveston County Statutory Probate Court judge should receive additional funds by reason of her designation as the local administrative probate judge. Request Letter at 1. While Government Code subsection 659.012(d) expressly provides that "a district judge who serves as a local administrative district judge under Section 74.091 is entitled to an annual salary from the state that is $5,000 more than the salary from the state to which the judge is otherwise entitled," no corresponding state salary allocation exists for local administrative probate judges. TEX. GOV'T CODE ANN. § 659.012(d) (West Supp. 2010). Instead, local administrative probate judge salaries are governed by the same statute applicable to all statutory probate courts, Government Code subsection 25.0023(a), which simply establishes a minimum salary "at least equal to the total annual salary received by a district judge in the county." Id. § 25.0023(a). No statute requires the local administrative probate judge to receive additional compensation.

## S U M M A R Y

Government Code section 25.0862 does not require that the salary paid to the Galveston County Court at Law judges equal the amount paid to the local administrative district judge.

Government Code section 25.0023 does not require that the salary paid to the Galveston County Statutory Probate Court judge equal the amount paid to the local administrative district judge.

While the commissioners court may have discretion to provide the local administrative probate judge additional county funds by reason of her designation to that position, no statute requires her to receive additional compensation beyond that required under Government Code section 25.0023(a).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee